Stephen R. Harris, Bar No. 1463
BELDING, HARRIS AND PETRONI
417 West Plumb Lane
Reno, Nevada 89509
Telephone: 775-786-7600
Facsimile: 775-786-7764
Email: steve@renolaw.biz

Alan D. Smith, WSBA No. 24964
Brian A. Jennings, WSBA No. 32509
PERKINS COIE LLP
1201 Third Avenue, 48th Floor
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
Email:   ADSmith@perkinscoie.com
         BJennings@perkinscoie.com
Attorneys for Debtors and Debtors-in-Possession

E-Filed 4-26-06

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>PTI HOLDING CORP., et al.,<br><br>Debtors. | Case Nos. 06-50140 through 06-50146<br>Administratively consolidated under:<br>CASE NO. 06-50140 |
| HOMESTEAD HOLDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BROOME & WELLINGTON<br><br>Defendant. | Adversary Proc. No. 06-05051-gwz<br><br>MOTION FOR PRELIMINARY INJUNCTION<br><br>Hrg. Date:  June 1, 2006<br>Hrg. Time:  1:30 p.m. |

MOTION FOR PRELIMINARY INJUNCTION - 1
[00000-0000-000000/SB061060 002]

Homestead Holdings, Inc. ("Homestead"), a debtor in these jointly administered Chapter 11 cases and plaintiff in this adversary proceeding (the "Adversary Proceeding") hereby moves the Court (the "Motion") for a preliminary injunction. The Motion is supported by the Declaration of David Greenstein (the "Greenstein Declaration") filed concurrently herewith.

### Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

3. Defendant Broome & Wellington ("B&W") has threatened to commence litigation in the United Kingdom against David Greenstein ("David"), the Debtors' Chief Executive Officer, Steven Greenstein ("Steven"), the Debtors' Chief Operations Officer, and Greenco Enterprises, Inc. ("Greenco"), a corporation owned by David and Steven.

4. Any such litigation would be disruptive to Debtors' businesses and reorganization efforts for at least two reasons: (a) it would divert David's and Steven's time and energy from business and reorganization efforts; and (b) even if none of the Debtors' were named as defendants, the litigation would implicate assets of their estates. Therefore, Homestead requests that the Court to enter an injunction prohibiting B&W from commencing litigation.

### Factual Background

5. Upon information and belief defendant B&W is a limited partnership organized under the laws of England and Wales with its principal location in Manchester, England, and is engaged in the distribution of textiles throughout the world, including to customers in the United States. Upon information and belief, non-parties Herkimer Distribution LLC ("Herkimer") and

MOTION FOR PRELIMINARY INJUNCTION - 2
[00000-0000-000000/SB061060 002]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Homestead Fabrics, Ltd. ("Fabrics") are owned and/or controlled by B&W and have at all relevant times been acting in concert with B&W.

6. Fabrics formerly was a corporation organized under the laws of England and Wales that was sixty five percent (65%) owned by B&W and thirty five percent (35%) owned by Findhorn, Ltd., a corporation owned by David and Steven.

7. Pursuant to a series of transactions, a substantial portion of Fabrics' assets were sold to Homestead, including without limitation all current and future orders, customer lists, business relationships, contracts or purchase orders, order books, inventory ordered but not yet paid for, licenses, tradenames, trademarks, patents, designs and copyrights, and all assets of Fabrics' subsidiary corporation in the United States (the "Assets").

8. More specifically, the Assets were transferred from Fabrics to Homestead as follows:

   a. David and Steven caused Findhorn, Ltd. to assign its shares in Fabrics (constituting 35% of outstanding shares) back to Fabrics, making B&W the sole shareholder of Fabrics;

   b. Pursuant to an agreement dated as of September 8, 2004, a copy of which is attached to the Greenstein Declaration as Exhibit A (as amended, the "Sale Agreement"), Fabrics sold the Assets to Homestead as designee of Greenco, a Delaware corporation owned by David and Steven;

   c. David and Steven guaranteed Greenco's performance under the Sale Agreement;

   d. Pursuant to that certain Exchange Agreement attached to the Greenstein Declaration as Exhibit B and related documents (collectively, the "Exchange Agreement"), Greenco transferred to London Fog Group, Inc. ("LFG") all of Greenco's shares of stock in Homestead in exchange for approximately 60% of outstanding shares of LFG;

   e. Pursuant to that certain Assignment of Rights Agreement, a copy of which is attached to the Greenstein Declaration as Exhibit C, Homestead assumed all of Greenco's, Steven's and David's rights and

MOTION FOR PRELIMINARY INJUNCTION - 3
[00000-0000-000000/SB061060 002]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

obligations under the Sale Agreement including obligations to and rights against B&W and Fabrics.

9. Following the foregoing transactions, (a) David and Steven were majority shareholders of LFG, (b) Homestead became a wholly-owned subsidiary of LFG, ,and (c) David and Steven were guarantors of Homestead's performance of any remaining obligations under the Sale Agreement.

10. As consideration for the Assets, Greenco agreed to assume certain liabilities relating to the Assets and to pay a purchase price in an amount to be determined based on certain contingencies. (See Greenstein Declaration, Exhibit A, ¶ 5). Those obligations were assumed by Homestead.

11. Much of the accounting information required to compute the amounts paid on account of the Assets is in the possession and control of B&W, Fabrics and Herkimer and has not been shared with Homestead despite requests to such effect.

12. B&W and Fabrics have asserted that the sum of $7,018,709.28 remains due and owing.

13. Steven, David, and Homestead contend that all currently due portions of the purchase price have been paid in full (although the purchase price may be subject to further adjustment in the future) and that B&W in fact owes Homestead a significant sum, in an amount to be proven.

14. On March 29, 2006, B&W filed a proof of claim, a copy of which is attached to the Greenstein Declaration as Exhibit D (the "Proof of Claim"), asserting a claim against Homestead in the amount of $7,018,709.28. Although the Proof of Claim does not articulate the basis for the claim, the amount of $7,018,709.28 is the amount that B&W and Fabrics set forth in

MOTION FOR PRELIMINARY INJUNCTION - 4
[00000-0000-000000/SB061060 002]

Exhibit E, referenced below, as the amount that remains due and owing under the Sale Agreement.

15. By letter dated March 30, 2006, attached to the Greenstein Declaration as Exhibit E, Fabrics and B&W announced their intent to initiate an action in the Courts of the United Kingdom to recover the sum of $7,018,709.28 if it was not promptly paid.

16. On April 4, 2006, Homestead filed its objection to the Proof of Claim, a copy of which is attached to the Greenstein Declaration as Exhibit F (the "Objection"), in which Homestead (a) objected to the Proof of Claim as insufficient under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure; (b) denied that any amounts were due to B&W, (c) asserted a counterclaim against B&W in an amount to be determined at trial, and (d) requested that the Proof of Claim and Objection be treated as a complaint and answer and counterclaim and assigned an adversary proceeding number.

17. Also on April 4, 2006, the Office of the United States Trustee filed an amended notice of appointment of members of the Creditors Committee in which it added B&W as the seventh member.

18. On April 18, 2006, Homestead initiated the present Adversary Proceeding by filing its Complaint in which it seeks (a) an order denying the Proof of Claim, (b) asserts a counterclaim against B&W, and (c) seeks injunctive relief prohibiting B&W, or anyone acting in concert with B&W, from commencing or continuing litigation or other actions against David, Steven or Greenco.

19. By this Motion, Debtors request that the Court grant the injunctive relief on a preliminary basis pending resolution of the Adversary Proceeding.

MOTION FOR PRELIMINARY INJUNCTION - 5
[00000-0000-000000/SB061060 002]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

### Basis for Relief

20.  The automatic stay of 11 U.S.C. § 362 prohibits attempts to commence or continue litigation that arose prior to the petition date against the Debtors or property of their estates.  The purpose of the automatic stay is to "centralize all litigation involving the debtor in one court in order to grant the debtor temporary relief from creditors, prevent needless dissipation of the debtor's estate, and allow for reorganization or liquidation to proceed in the most efficient manner possible."  In re First Alliance Mortgage Co., 264 B.R. 634, 645 (C.D. Cal. 2001) (citing Hillis Motors, Inv. V. Hawaii Auto Dealers' Ass'n, 997 F.2d 581, 585 (9th Cir. 1993)).  Although the stay of Section 362 does not extend automatically to David, Steven or Greenco, the same principles underlying the automatic protection afforded to Debtors' estates justify extending such protection to these potential defendants.

21.  It is well-established that 11 U.S.C. § 105 "empowers the bankruptcy court to enjoin parties from proceeding [against] parties other than the bankrupt."  In re Otero Mills, Inc., 25 B.R. 1018, 1020 (D.N.M. 1982); see also In re A.H. Robins Company, 788 F.2d 994, 1002 (4th Cir. 1986).  Section 105 of the Code provides that the bankruptcy court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  Section 105 further gives the Court "ample power to enjoin actions" that may "interfere in the rehabilitative process whether in a liquidation or in a reorganization case."  In re Johns-Manville Corp., 26 B.R. 420, 425 (Bankr. S.D.N.Y. 1983).  This power includes the ability to enjoin litigation against non-debtors.  North Star Contracting v. McSpedon, 125 B.R. 368, 370 (S.D.N.Y. 1991) (court has equitable power to "enjoin proceedings or actions by or against non-debtors where such actions would adversely affect the debtors' assets or estates"); 48th Street Steakhouse, Inc. v. Rockefeller Group, Inc., 835 F.2d 427, 431 (2nd Cir. 1987) ("If action taken against the non-bankrupt party would inevitably have an adverse impact on property of the

MOTION FOR PRELIMINARY INJUNCTION - 6
[00000-0000-000000/SB061060 002]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

bankruptcy estate, then such action should be barred by the automatic stay"); Gillman v. Continental Airlines, 177 B.R. 475, 481 (D.Del. 1993) (the extension of the automatic stay is appropriate when prosecution of the litigation would interfere with the debtors' reorganization efforts or would adversely affect the debtor's assets); cf. In re Johns-Manville Corp., 40 B.R. 219, 226 (S.D.N.Y. 1984) (the Court may "issue or extend stays to enjoin a variety of proceedings which will have an adverse impact on the debtor's ability to formulate a Chapter 11 plan.").

22. In determining whether to issue an injunction staying actions against non-debtor third parties, the Courts look to whether the debtor has shown "(1) irreparable harm to the bankruptcy estate if the injunction does not issue; (2) strong likelihood of success on the merits; and (3) no harm or minimal harm to the other party or parties." In re Family Health Serv., 105 B.R. at 943 (citing In re Otero Mills, Inc., 25 B.R. at 1021). Outside of the bankruptcy context, the Ninth Circuit also has analyzed whether the public interest is served in deciding whether to grant a preliminary injunction. See F.T.C. v. Evans Products Co., 775 F.2d 1084, 1088-89 (9th Cir. 1985) (setting forth general Ninth Circuit test for preliminary injunction). "Alternatively, a court may issue an injunction if the moving party demonstrates either a combination of probably success on the merits and irreparable injury or that serious questions are raised and the balance of hardships tips in his favor." Id.

**The Estates Will Be Irreparably Harm if No Injunction is Entered**

23. Debtors will suffer irreparable harm if B&W and Fabrics are not enjoined from initiating litigation against David, Steven or Greenco.

24. First, such litigation would be a drain on the Debtors' management at the very time they are needed most. David and Steven, as Chief Executive Officer and Chief Operations Officer, respectively, are involved in virtually every aspect of the Debtors' businesses, including

MOTION FOR PRELIMINARY INJUNCTION - 7
[00000-0000-000000/SB061060 002]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

the daily operation of the businesses and strategic decision making. David also leads the Debtors' sales efforts, which requires him to visit existing or potential customers. The more time David is required to expend in litigation, the less time he will have to devote to sales efforts and his other duties as Chief Executive Officer (which likely would result in lost revenues and harm to Debtors' businesses). One of Steven's primary responsibilities as Chief Operations Officer coordinating the manufacture of Debtors' products. This involves working with, and often visiting, Debtors' numerous suppliers, many of whom are located overseas.

25. On top of those responsibilities, which consume most waking moments of David's and Steven's days, they have undertaken additional duties during this reorganization process.

26. If David and Steven are required to spend the time and energy to defend themselves in litigation – especially litigation across the Atlantic Ocean – the Debtors' estates will be irreparably harmed. See e.g., In re A.H. Robins Company, 828 F.2d 1023, 1026 (4th Cir. 1987) (burden of officers and employees being required to participate in litigation during reorganization period can cause harm to the debtor); In re Chateaugay Corp., 109 B.R. 613 (S.D.N.Y. 1990) (affirming bankruptcy court's issuance of an injunction, in part, because litigation would "divert the energies of [debtor's] legal and managerial talents away from the efforts to reorganize"); 48th Street Steakhouse, Inc. 835 F.2d at 431 ("[i]f action taken against the non-bankrupt party would inevitably have an adverse impact on property of the bankruptcy estate, then such action should be barred by the automatic stay"); Continental Airlines, 177 B.R. at 481 (the extension of the automatic stay is appropriate when prosecution of the litigation would interfere with the debtors' reorganization efforts or would adversely affect the debtor's assets).

27. The more time David and Steven spend litigating,ated the less time they have to keep the businesses running and to work toward a reorganization with the best possible outcome for

MOTION FOR PRELIMINARY INJUNCTION - 8

[00000-0000-000000/SB061060 002]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone. (206) 359-8000
Fax: (206) 359-9000

creditors. Regardless of whether Homestead is a named defendant, the possibility of litigation against David and Steven presents irreparable harm supporting the issuance of an injunction. See e.g., In re Chateaugay, 109 B.R. at 622 (enjoining litigation against debtor's management where the debtor was not a defendant and stating that the power to issue such injunction was "not dependent on a showing that direct liability is sought to be imposed on the debtor").

28.     Second, whether or not it is named as a defendant, the threatened litigation seeks to fix Homestead's liability. In order to succeed on a claim against David and Steven, who are guarantors with no primary liability, B&W first must establish Greenco's liability – liability that was expressly assumed by Homestead. Due to the possibility of such litigation having a preclusive effect, Homestead would have no choice but to participate actively in some capacity.

29.     Courts have found that even when a debtor is not named as a defendant in a lawsuit, it is appropriate to stay litigation when the litigation could result in imposing indirect liability on the debtor. See A.H. Robins, 788 F.2d at 1008 (recognizing irreparable harm where any of the suits against co-defendants would, if successful, reduce the amount of money in the estate to the detriment of debtor's creditors as a whole); In re Creative Cuisine, Inc., 96 B.R. 144 (Bankr. N.D. Ill. 1989) ("The potential for indemnity from the Debtor if judgment is entered against [third party] in state court also supports injunction").

30.     That any claims of B&W would affect Debtors and their estates is evident from B&W's actions in these bankruptcy cases. Their sole claim, which they assert is over $7 million, arises entirely from the Sale Agreement. B&W was the very first creditor to file a proof of claim in these cases and, upon information and belief, actively sought membership on the creditors committee. It would be disingenuous for B&W to claim that their contemplated litigation is unrelated to these cases.

MOTION FOR PRELIMINARY INJUNCTION - 9
[00000-0000-000000/SB061060 002]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

**Likelihood of Success on the Merits**

31.  Likelihood of success on the merits also weighs in favor of Homestead. In the context of requesting an injunction to prevent litigation during a bankruptcy proceeding, a debtor need not show that it likely will prevail in the underlying litigation. Instead, some courts have determined that "likelihood of success on the merits is present where there is a reasonable probability of a successful plan of reorganization." In re Family Health Serv., Inc., 105 B.R. at 943. Retaining investment advisors, accounting firms and experience counsel are all indicative of the likelihood that a plan of reorganization will be successful. Id. at 944. Here, Debtors have hired experienced counsel and financial advisors to assist in their reorganization efforts. Debtors already have conducted a sale of assets that has significantly paid down their senior secured lenders and allowed Debtors to focus on their core businesses. These factors suggest that a reorganization is likely.

32.  Other courts have stated that "the likelihood of success on the merits logically must refer to whether the debtor can show the enforcement of the state laws will unduly interfere with the bankruptcy adjudication." In re Security Gas & Oil, Inc., 70 B.R. 786, 793 n. 3 (Bankr.N.D.Cal. 1987). For the reasons stated in the foregoing section, allowing B&W and Fabrics to proceed against David, Steven, or Greenco would interfere with Debtors' reorganization efforts and the bankruptcy process – including adjudication of B&W's Proof of Claim.

**The Balance of Harm**

33.  The effect of an injunction on B&W would be negligible. B&W already has filed the Proof of Claim, thereby invoking the jurisdiction of the Court to determine its dispute. In re Sasson, 424 F.3d 864, 870 (9th Cir. 2005) ("[b]y filing a proof of claim, the creditor in this case became subject to the bankruptcy court's *in personam* jurisdiction, and the limitations of the

MOTION FOR PRELIMINARY
INJUNCTION - 10
[00000-0000-000000/SB061060 002]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Bankruptcy Code"); In re G.I. Industries, Inc., 204 F.3d 1276 (9th Cir. 2000) (holding that the filing of a proof of claim submits such claim to the Bankruptcy Court's jurisdiction). Additionally, B&W has chosen to become actively involved in Debtors' cases through membership on the committee. B&W has no legitimate complaint if it is unable to prosecute identical claims against Debtors' Chief Executive Officer and Chief Operating Officer by initiating duplicative litigation overseas. On the other hand, allowing B&W to commence litigation in the United Kingdom would run counter to the automatic stay's purpose of providing "the debtor and its executives with a reasonable respite from protracted litigation, during which they may have an opportunity to formulate a plan of reorganization." A.H. Robins Co., 788 F.2d at 998. The litigation would consume David and Steven's time and energy and, due to the threat of collateral estoppel, likely would require LFG's and Homestead's active involvement (regardless of whether they are named defendants). The harm to be suffered by Homestead will be exacerbated by the fact that B&W has threatened to sue in the United Kingdom.

**Enjoining Litigation Will Promote the Public Interest**

34.     Finally, the public interest favors granting the injunction. "Courts have recognized that in a bankruptcy setting the public interest lies in promoting successful reorganization." In re Family Health Serv., 105 B.R. at 945; see also A.H. Robins, 788 F.2d at 1008 (noting that "the unquestioned public interest in promoting a viable reorganization of the debtor can be said to outweigh any contrary hardship to the plaintiffs"). The public interest and judicial economy further would be served by preventing duplicative litigation.

**Conclusion**

WHEREFORE, Debtors respectfully request entry of a preliminary injunction prohibiting B&W, and all of those acting in concert with B&W, from commencing or continuing litigation against David, Steven or Greenco other than through the resolution of B&W's Proof of Claim

MOTION FOR PRELIMINARY
INJUNCTION - 11
[00000-0000-000000/SB061060 002]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

pursuant to this Adversary Proceeding, and for such other and further relief as the Court deems just and proper.

DATED: April 26, 2006.

**BELDING, HARRIS & PETRONI**

By /s/ Stephen R. Harris
    Stephen R. Harris, Bar No. 1463

**PERKINS COIE LLP**

By /s/ Alan D. Smith
    Alan D. Smith, WSBA #24964
    Brian A. Jennings, WSBA #32509
    Justin L. Moon, WSBA #36981

Attorneys for Debtors and Debtors in Possession

MOTION FOR PRELIMINARY
INJUNCTION - 12
[00000-0000-000000/SB061060 002]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000